UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

In Re: Khaled F. Elsenousi,

                 Debtor.

Case No: 12-12659-BFK
Chapter 13

**RESPONSE TO
TRUSTEE'S LIMITED OBJECTION TO
SECOND APPLICATION FOR SUPPLEMENTAL COMPENSATION**

**COMES NOW**, Scott Alan Weible, P. L. L. C. ("Applicant"), by Scott A. Weible, Esquire and Harrison D. St. Germain, Esquire, Former Counsel for Debtor Khaled F. Elsenousi, herein, and in response to the Trustee's Limited Objection to Second Application for Supplemental Compensation (Doc. No. 92 herein), states as follows:

**1**.    The Trustee objects that a March 19, 2014, entry for Mr. St. Germain's time references the Trustee's own motion to dismiss, which motion, having been made improvidently, the Trustee courteously and voluntarily had, already, withdrawn.

Mr. St. Germain made a mistake, writing "dismiss" when he meant "withdraw" – having devoted that 0.60 hours of work ($117.00) preparing the Motion to Withdraw (Doc. No. 77 herein).

///

Scott A. Weible, Esq. (VSB 75633)
   scott@weible.com
Harrison D. St. Germain, Esq. (VSB 84487)
   hdstgermain@weible.com
Scott Alan Weible, P. L. L. C.
14540 John Marshall Highway, Suite 201
Gainesville, VA 20155-1693
(703) 754-2093; (703) 754-2093 fax
  **Applicant**

The work was necessary and was performed diligently, efficiently, and in accordance with Debtor's wishes and actions and therefore benefitted Debtor by achieving his agreed result of being allowed to represent himself herein. Debtor agreed to pay such fees, and Applicant is entitled to them in accordance with Debtor's fee agreement herein.

**2A**. The Trustee also objects to fees in the total amount of $409.50, which reflect the time Applicant devoted to the Trustee's objections to claims of Capital One, but which time was spent after the Court entered Debtor's and Applicant's Consent Order Granting Motion to Withdraw as Counsel for Debtor on April 2, 2014 (Doc. No. 80 herein).[1]

The fundamental ground for allowing administrative claims in chapter 13 cases – and in particular attorney fee claims – is whether the work benefitted the Debtor. Not the unsecured creditors. Not the bankruptcy estate. The Debtor. While, obviously, Applicant was no longer Counsel "of Record", after the Court entered the Consent Order, the work done did directly benefit the Debtor. The Trustee's objections to the claims of Capital One were technical, and important. And, while Applicant remained "Counsel of Record", Applicant had filed limited joinders in the Trustee's objections for the purpose of ensuring that, once Debtor's plan is complete and he receives his discharge, neither he,

---

1 The Trustee's objection relates to five entries. Two on April 2nd (totaling 0.40 hours for both). Three on April 17th (totaling 1.70 hours for all three). The total fees for these 2.10 hours are $409.50.

Scott A. Weible, Esq. (VSB 75633)
　scott@weible.com
Harrison D. St. Germain, Esq. (VSB 84487)
　hdstgermain@weible.com
Scott Alan Weible, P. L. L. C.
14540 John Marshall Highway, Suite 201
Gainesville, VA 20155-1693
(703) 754-2093; (703) 754-2093 fax
　**Applicant**

nor his property, are thereafter subject to the claims of Capital One, whether personally or in rem. That being so, and being important, and Applicant being unable to reach Debtor for the purpose of determining whether HE would appear at the hearings on the Trustee's objections to claims (Debtor did not appear), it seemed to Applicant to be, and was, the only right thing to do to appear, despite not being Counsel "of Record", and be available to answer any questions the Court might have. The goal of the post-Counsel-of-Record work, therefore, was to benefit the Debtor, as far as possible given that Applicant was no longer obligated to do so, by making sure, as far as possible, that Debtor's rights were protected on this critical matter.

Applicant feels that the time was well spent, it benefitted the Debtor as indicated above, and the Court is well within its discretion to award compensation as an administrative expense for this, relatively small amount of work.

**2B**. However, even if the Court determines that Applicant is not entitled to the $409.50 as an administrative expense, Applicant voluntarily wrote down fees in the amount of $990.88 – more than twice what the Trustee objected to. Applicant should be allowed to re-visit and revise its determination to write down this quantum of fees if the Court is inclined to subtract any portion of the $409.50 from the fees to be awarded.

///

///

///

Scott A. Weible, Esq. (VSB 75633)
    scott@weible.com
Harrison D. St. Germain, Esq. (VSB 84487)
    hdstgermain@weible.com
Scott Alan Weible, P. L. L. C.
14540 John Marshall Highway, Suite 201
Gainesville, VA 20155-1693
(703) 754-2093; (703) 754-2093 fax
  **Applicant**

WHEREFORE, the undersigned Applicant respectfully prays for the entry of an order:

1. Approving supplemental compensation and reimbursement of expenses for Applicant, as former counsel for Debtor, for the period of September 4, 2013 through April 23, 2014, in the total sum of $4,000.00 (consisting of $3,818.62 for supplemental fees and $181.38 for supplemental expenses); and

2. Ordering that said $4,000.00 be paid as a priority expense through Debtor's chapter 13 plan as an expense of administration; and

3. Ordering such further and other relief as the Court may deem just, fair and proper.

Dated: May 8, 2014                          Respectfully Submitted.

/s/ Scott A. Weible             .
Scott A. Weible, Esq. (VSB 75633)
   scott@weible.com
Harrison D. St. Germain, Esq. (VSB 84487)
   hdstgermain@weible.com
Scott Alan Weible, P. L. L. C.
The Haymarket Professional Building
14540 John Marshall Highway, Suite 201
Gainesville, VA  20155-1693
(703) 754-2092; (703) 754-2093 (Fax)
    **Applicant**

Scott A. Weible, Esq. (VSB 75633)
   scott@weible.com
Harrison D. St. Germain, Esq. (VSB 84487)
   hdstgermain@weible.com
Scott Alan Weible, P. L. L. C.
14540 John Marshall Highway, Suite 201
Gainesville, VA 20155-1693
(703) 754-2093; (703) 754-2093 fax
   **Applicant**

Page **4** of **5**

## CERTIFICATE OF SERVICE

I certify that I have this 8th day of May, 2014, caused to be transmitted a true copy of the foregoing Response either electronically through the Court's CM/ECF system, or by United States Postal Mail, first-class pre-paid, if other than by electronic means is provided for at Local Bankruptcy Rule 2002-1(d)(3), to the Debtor, the chapter 13 trustee, the United States Trustee and to all creditors and parties in interest on the mailing matrix maintained by the clerk of the court.

/s/ Scott A. Weible
Scott A. Weible

Scott A. Weible, Esq. (VSB 75633)
   scott@weible.com
Harrison D. St. Germain, Esq. (VSB 84487)
   hdstgermain@weible.com
Scott Alan Weible, P. L. L. C.
14540 John Marshall Highway, Suite 201
Gainesville, VA 20155-1693
(703) 754-2093; (703) 754-2093 fax
   **Applicant**